Dear Ms. Cangelosi:
We are in receipt of your request for an Attorney General's opinion regarding precinct changes by the Bienville Parish Police Jury. We will restate the facts from your letter of December 24, 1993.
On November 10, 1993, the Bienville Parish Police Jury adopted Ordinance No. 4 of 1993 which makes various precinct changes including the elimination of several precincts by consolidations. Under the provisions of R.S. 18:532.1(C)(2), a police jury is required to submit proposed changes in precincts to the secretary of the Senate and the clerk of the House of Representatives or their designees for review. Such review shall consist of a determination of whether the proposed precinct changes are in conformity and not contrary to all applicable provisions of state law governing the establishment of precincts or changes in precinct boundaries. In assisting the legislative designees in their review, information was provided by the Department of Elections Registration on precincts that were being consolidated in Ordinance No. 4 of 1993 that did not have same voting districts.
On December 6, 1993, the Department of Elections Registration wrote to Mr. James W. Martin, Secretary-Treasurer of the Bienville Parish Police Jury, regarding the departments review of the consolidations included in Ordinance No. 4 of 1993 of the Bienville Parish Police Jury relative to "same voting districts". On December 22, 1993, the Louisiana House of Representatives wrote a letter to the Bienville Parish Police Jury regarding the submission of precinct boundaries for review under R.S. 18:532.1(C)(2). The Assistant Clerk, Kathleen Randall, informed the jury that the review by the Department of Elections of the boundaries for "same voting districts" resulted in a determination "that the proposed changes violate R.S.18:532.1(B)(2) requiring all parts of consolidated precincts to be in the same voting district". Additionally, the assistant clerk wrote, "We look forward to further information from you as to how the parish is going to proceed in this matter."
It should also be noted that no preclearance letter from the United States Justice Department on these changes has been received in the office of the secretary of state, as required under the provisions of R.S. 18:532.1(E), as of December 22, 1993. Bienville Parish has parishwide proposition elections scheduled to be held on January 15, 1994. Therefore, you have requested an opinion on the following question:
 Should ballots be printed by the secretary of state and precinct registers be printed by the commissioner of elections using the existing precincts or the precinct changes in Ordinance No. 4?
It is the opinion of this office that the secretary of state and the commissioner of elections shall perform their duties with regard to the Bienville Parish proposition elections scheduled for January 15, 1994, using precincts which have received approval by the secretary of the Senate and the clerk of the House of Representatives under R.S. 18:532.1(C)(2), and have received approval by the United States Justice Department pursuant to Section 5 of the Voting Rights Act of 1965,42 U.S.C. § 1971, et seq. LSA-R.S. 18:532.1(C)(2) clearly sets forth a mandatory requirement for approval of all precinct changes by the secretary of the Senate and the clerk of the House of Representatives, or their designees, prior to being effective. The statute provides:
 (2) In determining features to be used as precinct boundaries, the parish governing authority shall consult with the secretary of the Senate and the clerk of the House of Representatives or their designees. The parish governing authority shall submit proposed changes in precinct boundaries to the secretary and the clerk or their signees on United States Bureau of the Census maps prepared for the 1990 federal decennial census and, where practicable, by electronic medium. No change in a precinct boundary may be made by the parish governing authority without prior review and approval by the secretary and the clerk or their designees, except as provided in this Subparagraph. Such review shall consist of a determination whether the proposed precinct change is in conformity and not contrary to all applicable provisions of state law governing the establishment of precincts or changes in precinct boundaries. The secretary of the Senate and the clerk of the House of Representatives or their designees shall send a report of the findings resulting from the review to the parish governing authority within forty-five days after the receipt of the proposed precinct changes. If the secretary of the Senate and the clerk of the House of Representatives or their designees fail to respond within forty-five days after the receipt of the proposed precinct changes, the proposed precincts shall be deemed to be approved by the secretary of the Senate and the clerk of the House of Representatives or their designees. (Emphasis added.)
Our review of the facts presented by the Department of Elections Registration and the assistant clerk of the House of Representatives, leads us to conclude that the precinct changes adopted by the Bienville Parish Police Jury in Ordinance No. 4 have not received approval by the secretary of the Senate and the clerk of the House of Representatives pursuant to law, nor have they received approval by the Justice Department. Therefore, without such approval, the proposition elections scheduled for January 15, 1994 should be conducted under the existing precincts which have received prior approval.
If we can be of further assistance in this matter, please advise.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ANGIE ROGERS LaPLACE Assistant Attorney General
RPI:ARL/pb/0085s
xc: Mike Baer James W. Martin Wade O. Martin, III Kathleen Randall